UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IZOGIE OSARO EKE,
Plaintiff,
v.
LUCID GROUP, INC., et al.,
Defendants.

Case No. 26-cv-05128-NW

**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

Re: ECF Nos. 11, 16, 21, 24

On July 28, 2026, five putative class members filed motions to be appointed lead plaintiff, and for their respective counsel to be appointed lead counsel in this action.[1] ECF Nos. 11, 16, 21, 24. Four of the movants then filed notices of non-opposition. ECF Nos. 43, 48, 49. Before the Court is one remaining, unopposed motion filed by class member Perry Makarios. ECF No. 16. The Court determines the motions to appoint lead plaintiff and lead counsel are suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

Having considered Makarios's brief, the movants' notices of non-opposition, and the relevant legal authority, the Court APPOINTS Perry Makarios as Lead Plaintiff and APPROVES Makarios's selection of The Rosen Law Firm, P.A., to be appointed as lead counsel for the class.

## I. BACKGROUND

On May 29, 2026, Plaintiff Izogie Osaro Eke filed this securities class action, individually and on behalf of all others similarly situated, bringing claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, codified at 17 C.F.R. §240.10b-5. Complaint ("Compl."), ECF No. 1 ¶ 1. On May 29, 2026, notice was published in *Access Newswire* announcing the filing of a class action, with class members who

[1] Two of the five putative class members, Hector Lopez and US Best Preservation LLC, moved jointly to be appointed lead plaintiff and to appoint their selection of counsel as lead counsel. ECF No. 11 ("Lopez and US Best Mot.").

United States District Court
Northern District of California

"purchased or otherwise acquired Lucid securities between February 25, 2026 and April 13, 2026, both dates inclusive . . . ." Notice of Publication, ECF No. 10, Ex. A.

On July 28, 2026, class member Perry Makarios moved to be appointed lead plaintiff, and for The Rosen Law Firm, P.A., to be appointed lead counsel for the proposed class. Makarios Mot. for Appointment as Lead Plaintiff and Approval of Counsel, ECF No. 16 ("Makarios Mot."). The same day, class members Hector Lopez and US Best Preservation LLC jointly moved to be appointed lead plaintiff, and for Kirby McInerney LLP to be appointed as lead counsel for the proposed class, (Lopez and US Best Mot., ECF No. 11); class member Dean Williams moved to be appointed lead plaintiff, and for Pomerantz LLP and Bronstein, Gewirtz & Grossman, LLC, to be appointed as co-lead counsel for the proposed class, (Williams Mot. to Appoint Lead Plaintiff and Lead Counsel, ECF No. 21 ("Williams Mot.")); and class member Michele Cervelli moved to be appointed lead plaintiff, and for Glancy Prongay Wolke & Rotter LLP and Holzer & Holzer, LLC, to be appointed as co-lead counsel for the proposed class, (Cervelli Mot. to Appoint Lead Plaintiff and Lead Counsel, ECF No. 24 ("Cervelli Mot.")).

On August 10, 2026, Williams filed a statement of non-opposition to the competing motions for appointment of lead plaintiff and lead counsel. *See* Statement of Non-Opposition of Dean Williams to Competing Motions for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, ECF No. 43 ("Williams Non-Opposition"). The Williams Non-Opposition stated, "it appears that Williams does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." *Id.* at 2.

On August 11, 2026, Lopez and US Best Preservation LLC filed a notice of non-opposition to the competing motions for appointment of lead plaintiff and lead counsel. *See* Notice of Non-Opposition of Hector Lopez and US Best Preservation LLC to the Competing Motions for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, ECF No. 48 ("Lopez and US Best Preservation Non-Opposition"). The Lopez and US Best Preservation Non-Opposition stated, "it appears that . . . Hector Lopez and US Best Preservation LLC do not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." *Id.* at 2.

Also on August 11, 2026, Cervelli filed a notice of non-opposition to the competing

motions for appointment of lead plaintiff and lead counsel. *See* Notice of Non-Opposition of Michele Cervelli to Competing Motions for Appointment as Lead Plaintiff and Approval of Counsel, ECF No. 49 ("Cervelli Non-Opposition"). The Cervelli Non-Opposition stated, "it appears that Cervelli does not have the largest financial interest, as required by the PSLRA." *Id.* at 2.

Finally, on August 11, 2026, Makarios filed an opposition to the competing motions for lead plaintiff and lead counsel. Memorandum of Law of Movant Perry Makarios in Opposition to Competing Lead Plaintiff Motions, ECF No. 50 ("Makarios Opp.").

The following week, on August 18, 2026, Makarios filed a notice stating that the four other movants—Lopez and US Best Preservation, Williams, and Cervelli—all filed notices of non-opposition to Makarios's motion, and that no opposition to Makarios's motion was filed before the deadline on August 11, 2026. ECF No. 51 at 2. Accordingly, Makarios asked the Court to appoint him as lead plaintiff and his selection of counsel, The Rosen Law Firm, P.A., as lead counsel. *Id.*

## II. LEGAL STANDARD

### A. Lead Plaintiff

Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") governs appointment of lead plaintiffs in all private securities class actions. *See* 15 U.S.C. §§ 77z-1(a)(3), 78u-4(a)(3). Under the Securities Exchange Act and the PSLRA, the district court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id.* §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). Among other things, the "most adequate plaintiff" is the person that "has either filed the complaint or made a motion in response to a notice." §§ 77z-1(a)(3)(B)(iii)(I); 78u-4(a)(3)(B)(iii)(I).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). At the first step, the pendency of the first-filed action, the claims made, and the purported class period must be publicized in a "widely circulated

national business-oriented publication or wire service." *Id.* (internal quotation marks and citation omitted). The notice must advise that any putative class member may seek appointment as lead plaintiff. *See id.*

Second, the court must identify the presumptive lead plaintiff, that is, "the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (internal quotation marks and citation omitted). To determine which movant has the largest financial interest, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court then must determine whether the movant with the largest financial interest "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* At this stage in the proceedings, only a "a prima facie showing of adequacy and typicality" need be made. *Mersho*, 6 F.4th at 899. If the plaintiff with the largest financial interest satisfies Rule 23(a), that plaintiff "becomes the presumptively most adequate plaintiff." *Id.* (internal quotation marks and citation omitted).

"At step three, the process turns adversarial." *Mersho*, 6 F.4th at 899 (internal quotation marks and citation omitted). This third step "is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. The presumption may be rebutted only upon proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Mersho*, 6 F.4th at 899. "If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff." *Id.*

**B. Lead Counsel**

Under the PSLRA, the lead plaintiff has the right, subject to court approval, to select and retain counsel to represent the class. *See Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 711 (9th Cir. 2009). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712.

## III. DISCUSSION

### A. Lead Plaintiff

In evaluating the motions for lead plaintiff, the Court follows the three-step process provided in the PSLRA and summarized in *Cavanaugh*. The Court finds that class member Makarios is the presumptive lead plaintiff.

At the first step, the Court confirms that the PSLRA's notice requirement was met: on May 29, 2026, notice was published in *Access Newswire* announcing the filing of a class action, with class members who "purchased or otherwise acquired Lucid securities between February 25, 2026 and April 13, 2026, both dates inclusive . . . ." Notice of Publication, ECF No. 10, Ex. A. That notice contained all required information, including a description of the claims made and the proposed class period. *See id.* The notice advised that any putative class member could seek appointment as lead plaintiff. *Id.* In response, Makarios timely filed a motion for appointment as lead plaintiff and lead counsel on July 28, 2026. *See* Makarios Mot.

The Court next considers the "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732. The Court "must calculate each potential lead plaintiff's financial interest in the litigation" using a method that is "both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. Here, Makarios alleges that he incurred a loss of $32,347.74. Makarios Mot. at 6. Makarios's loss is greater than the alleged losses incurred by any other movant: Lopez and US Best Preservation LLC collectively incurred a loss of $20,221.11; Williams incurred a loss of $12,208.00; Cervelli incurred a loss of $12,168.50. Lopez and US Best Preservation Mot. at 11; Williams Mot. at 6; Cervelli Mot. at 7. The other movants agree, as they all filed notices of non-opposition confirming they do not have the "'largest financial interest' in in this litigation under the meaning of the PSLRA." Lopez and US Best Preservation Non-Opposition at 2; Williams Non-Opposition at 2; Cervelli Non-Opposition at 2.

Because Makarios has the largest financial interest in the litigation, the Court "focus[es] its attention on" Makarios to determine "whether he satisfies the requirements of Rule 23(a), in

particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730. Here, Makarios has made a prima facie showing of typicality and adequacy. Makarios alleges that his claims are "are typical of the members of the Class" because he and all members of the class allege they "purchased the [Lucid Group, Inc.'s] securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby." Makarios Mot. at 7. Makarios alleges that he will adequately represent the class because he "is not aware of any unique defenses that Defendants could raise against him that would render [him] inadequate to represent the Class"; he "has researched and retained competent and experienced counsel concerning this case;" and "is not aware that any conflict exists between his claims and those asserted on behalf of the Class." *Id.* Further, Makarios alleges he "sustained substantial financial losses from his investments in Lucid securities and is, therefore, extremely motivated to pursue claims in this action." *Id.*

Because Makarios has the greatest financial interest in this litigation and satisfies the Rule 23(a) requirements, Makarios is the presumptive "most adequate plaintiff" under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In the third and final step, other plaintiffs may rebut the presumptive lead plaintiff's showing that they satisfy Rule 23's typicality and adequacy requirements. *Cavanaugh*, 306 F.3d at 730. But none of the other movants oppose Makarios's appointment, and the deadline to do so has now passed. *See* Lopez and US Best Preservation Non-Opposition at 2; Williams Non-Opposition at 2; Cervelli Non-Opposition at 2. Because no competing movant has presented evidence rebutting the presumption that Makarios is a typical and adequate lead plaintiff under Rule 23, Makarios is appointed as lead plaintiff in this action.

**B. Lead Counsel**

Consistent with the PSLRA, the Court will also appoint lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734 (citations omitted). Makarios has selected The Rosen Law Firm, P.A., to act as lead counsel. The Court reviewed the firm's resume, Decl. of Lawrence M. Rosen,

United States District Court
Northern District of California

ECF No. 18 ¶ 2 & Ex. 4; ECF No. 18-4, and finds Makarios made a reasonable choice of counsel.

**IV. CONCLUSION**

Class member Perry Makarios's motion for appointment as lead plaintiff is GRANTED and Makarios is APPOINTED as Lead Plaintiff in this case. The Rosen Law Firm, P.A., is APPOINTED as Lead Counsel.

**IT IS SO ORDERED.**

Dated: October 22, 2026

Noël Wise
United States District Judge